IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES D. KONCAK and<br>JUDI K. KONCAK,<br><br>   Plaintiffs/Counter-Defendants,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY and OCWEN LOAN<br>SERVICING LLC,<br><br>   Defendants/Counter-Plaintiffs. | Case No. 3:19-cv-00071-B-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this mortgage foreclosure case are: (1) Plaintiffs James and Judi Koncak's Motion to Dismiss Defendants' Counterclaim under Rule 12(c) (ECF No. 24); and (2) Defendants Deutsche Bank National Trust Company (Deutsche Bank) and Ocwen Loan Servicing LLC's (Ocwen) Motion for Summary Judgment (ECF No. 25). For the reasons stated, Defendants are entitled to foreclose on Plaintiffs' home. Accordingly, Plaintiffs' Motion should be DENIED, Defendants' Motion should be GRANTED, and Plaintiffs' claim for declaratory judgment should be DISMISSED with prejudice.

**Background**

In June 2006, James Koncak obtained a mortgage loan in the amount of $396,000, evidenced by a Texas Home Equity Note (the "Note"). James Koncak

1

and his wife, Judi Koncak, secured the Note by executing a Texas Home Equity Security Instrument (the "Security Instrument") encumbering their home in Dallas, Texas (the "Property"). Pet. 4 (ECF No. 1-1 at 11). Deutsche Bank possesses the Note and is the beneficiary under the Security Instrument, and Ocwen is the loan servicer. *Id.*; Defs.' App. 44-46, 48 (ECF No. 27-1). Plaintiffs admit that they defaulted on their obligations under the Note over a decade ago, Pet. 4 (ECF No. 1-1 at 11), and they do not challenge Defendants' evidence that they have made no payments since then, Defs.' App. 50. However, Plaintiffs dispute that Defendants are entitled to foreclose on their home.

Plaintiffs allege that Deutsche Bank first sent them a notice of default and intent to accelerate on April 30, 2009 and that in response Plaintiffs filed a suit in the 44th Judicial District Court of Dallas County challenging foreclosure, a suit that was ultimately resolved in favor of Deutsche Bank on July 19, 2010. Pet. 4-5 (ECF No. 1-1 at 11-12). On April 11, 2011, the loan servicer mailed Plaintiffs via certified mail another notice of default and intent to accelerate the Note. Defs.' App. 53-56. The notice included a payoff quote and afforded Plaintiffs 30 days to cure the default. *Id.* 53-54. Plaintiffs failed to cure the default. The parties agree that, for the purposes of this litigation, the Note was accelerated on October 15, 2012. Pls.' Mot. 19; Defs.' Br. 16. Defendants have produced evidence, and Plaintiffs do not dispute, that the total amount due as of November 27, 2019 is $788,625.41. Defs.' App. 50.

2

On July 30, 2013 Deutsche Bank obtained an order in the 191st Judicial District Court of Dallas County finding that it had established the requirements for foreclosure and authorizing it to foreclose on the Property (the "Rule 736 Order"). *Id.* 74-76. Since then, Plaintiffs have used various judicial processes to resist Deutsche Bank's efforts to foreclose on the Property. First, on August 30, 2013, Judi Koncak filed a voluntary petition for Chapter 13 bankruptcy, which automatically stayed foreclosure proceedings under 11 U.S.C. § 362 (the "First Bankruptcy"). *Id.* 120. She was dismissed from bankruptcy without discharge on March 11, 2014. *Id.* Then, on March 31, 2014, James Koncak filed a voluntary petition for Chapter 13 bankruptcy, which also automatically stayed foreclosure proceedings (the "Second Bankruptcy"). *Id.* 127. He was dismissed from bankruptcy for failure to make plan payments on August 11, 2014. *Id.* Next, on August 28, 2014, Plaintiffs filed suit against Deutsche Bank, Mortgage Electronic Registration Systems (MERS), and Ocwen in the 134th District Court seeking a stay of foreclosure under Texas Rule of Civil Procedure 736.11 and attacking Deutsche Bank's right to foreclose on the grounds that the transfer of the Note and rights under the Security Instrument from MERS to Deutsche Bank was fraudulent (the "First Action"). *Id.* 79, 82. After removing the First Action to this Court, Deutsche Bank sought and, on November 13, 2015, obtained summary judgment on Plaintiffs' claims. *Id.* 96, 99. Final judgment in that case was entered on August 16, 2016, and Plaintiffs' appeal to the Court of Appeals was dismissed on October 13, 2016. *Id.* 97. Next, on August 29, 2016, Plaintiffs filed suit against Deutsche

Bank and Ocwen in the 298th District Court again seeking a stay of foreclosure under Rule 736.11 and attacking Deutsche Bank's authority to foreclose, this time seeking a declaratory judgment on the grounds that the statute of limitations for foreclosure had lapsed (the "Second Action"). *Id.* 101, 104. After removing the action to this Court, Deutsche Bank and Ocwen sought and, on February 8, 2017, obtained dismissal of Plaintiffs' claims with prejudice. *Id.* 118. Plaintiffs' appeal of that decision was dismissed as frivolous on May 18, 2018. *Id.* 115.

On December 21, 2018, Plaintiffs filed the pending lawsuit in the 44th District Court *again* seeking a declaratory judgment that Deutsche Bank's statute of limitations for foreclosure has lapsed. Defendants first answered the suit in state court on January 8, 2019 generally denying all claims and raising numerous affirmative defenses. Answer 1-2 (ECF No. 1-1 at 101-02). The next day, Defendants filed an amended answer in state court asserting the same affirmative defenses and bringing a counterclaim for judicial foreclosure, Am. Answer 4 (ECF No. 1-1 at 107), and removed the case to this Court based on diversity jurisdiction, Removal Notice (ECF No. 1). On May 2, 2019, Defendants filed a second amended answer containing more detailed factual allegations to support their judicial foreclosure counterclaim. Second Am. Answer (ECF No. 14). Plaintiffs timely answered the counterclaim.

On December 3, 2019, Plaintiffs filed their Rule 12(c) motion. Defendants timely responded. Plaintiffs failed to file a reply, and the time to do so has lapsed. Defendants filed their motion for summary judgment on December 10, 2019. And,

while Plaintiffs filed their own motion for summary judgment—which was stricken from the record as untimely—they did not respond to Defendants' motion. Both pending motions are ripe for determination.

## Legal Standards

### I. Rule 12(c)

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (internal citations omitted). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010).

When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a Rule 12(c) motion for judgment on the pleadings, therefore, a plaintiff's complaint must contain enough factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210

(5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

## II. Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citations omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); Fed. R. Civ. P. 56(e)). All the evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

Rule 56 does not require the court to search the record for evidence to support the nonmovant's opposition to the summary judgment motion. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988) (quotation marks and citations omitted). Rather, the party opposing the summary judgment motion

must identify specific evidence in the record and state the precise way that evidence supports the party's claim. *Id.*; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)). If a party fails to address another party's assertion of fact as required by Rule 56, the court may consider the fact undisputed for purposes of the motion and grant summary judgment if the motion and supporting materials show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(2)-(3)). The fact that a litigant is proceeding *pro se* in a particular case does not alter these principles. *See Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) ("[T]his is not to say that *pro se* plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do.").

## Analysis

### I. Plaintiffs' Rule 12(c) Motion

Plaintiffs move to dismiss Defendants' counterclaim under Rule 12(c). The Court construes the motion as one for judgment on the pleadings under Rule 12(c). In their Motion, Plaintiffs attack Defendants' counterclaim for foreclosure on two grounds: (1) Defendants have incorrectly applied the statute of limitations tolling rules under the Texas Rules of Civil Procedure; and (2) because a prior order allowing foreclosure is in effect, Defendants' counterclaim for foreclosure is moot. Both arguments fail, and Plaintiffs are not entitled to judgment under Rule 12(c).

As to the first argument, Defendants have not incorrectly applied the tolling rules in bringing their counterclaim. The statute of limitations in which to initiate a sale of real property under a power of sale in a mortgage or deed of trust that

creates a real property lien is four years from the day the cause of action accrues. Tex. Civ. Prac. & Rem. § 16.035(b). When the four-year limitations period expires, the real property lien and the power of sale to enforce the lien become void. *Id.* § 16.035(d). Where the holder of a note has accelerated the note, the cause of action accrues on the date of acceleration. *Callan v. Deutsche Bank Tr. Co. Ams.*, 11 F. Supp. 3d 761, 767 (S.D. Tex. 2014) (citing *Holy Cross Church of God in Christ. v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001)). Rule 736 provides the procedure for obtaining a court order allowing for foreclosure, which is required in order to foreclose a home equity loan. Tex. R. Civ. P. 735.1(a). But a foreclosure proceeding under Rule 736 is "automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, or lien sought to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale." Tex. R. Civ. P. 736.11(a). Moreover, a petition in bankruptcy automatically stays all actions or proceedings to recover against the debtor. 11 U.S.C. § 362(a)(1). Plaintiff does not dispute that these stays generally toll the statute of limitations for initiating a foreclosure sale. Pls.' Mot. 10 ("In ¶ 21 of the Counterclaim, Counter-Plaintiffs correctly state that a proceeding or order under Rule 736 is 'automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed[.]'"); *id*. 13 (calculating tolling periods as

including bankruptcy stays). Rather, Plaintiff disputes Defendants' calculation of the tolling periods.

Defendants contend the First and Second Actions tolled the statute of limitations from the date the petitions were filed in state court to the date the Fifth Circuit dismissed the respective appeals. Defs.' Br. 11-12. Meanwhile, Plaintiffs contend that a Rule 736 order must be vacated within 10 days of the filing of a separate action challenging foreclosure in order to toll the statute of limitations for foreclosure, and that because the Rule 736 Order here was not vacated, the Rule 736 proceedings were not automatically stayed. Pls.' Mot. 11-12. According to Plaintiffs' calculation, then, the statute of limitations was tolled: (a) 14 days by the First Action;[1] (b) zero days by the Second Action; (c) 172 days by the First Bankruptcy; and (d) 64 days by the Second Bankruptcy. *Id.* 13. But Plaintiffs' argument has no merit. While Rule 736.11(c) requires the respondent in a Rule 736 action to move to dismiss a Rule 736 action if he or she has filed a separate original proceeding challenging foreclosure, the automatic stay operates regardless whether the action is dismissed. *Johnson v. CitiGroup Mortg. Loan Tr., Inc.*, 2018 WL 6242181, at *7 (Mar. 18, 2018) (noting that when a plaintiff challenging a Rule 736 foreclosure order does not move to dismiss that order within 10 days of filing a separate proceeding challenging foreclosure, then "the foreclosure order *is simply stayed*" (emphasis added)); *Delay v. Household Fin. Corp., III*, 2014 WL

---

[1] It is not clear to the Court how Plaintiffs arrived at this 14-day figure.

1117034, at *2 (W.D. Tex. Mar. 20, 2014) ("[T]he Rule 736 proceeding was automatically stayed—*and would have been dismissed* had the Delays complied with the Rule—by the Delays' filing of this lawsuit." (emphasis added)).

      The case law on which Plaintiffs rely to support their position is unavailing. First, *In re Priester*, 2016 WL 7010583 (Tex. App.—Dallas Nov. 21, 2016, no pet.) simply holds that "the plain language of Rule 736.11(c) creates a mandatory duty to dismiss a pending Rule 736 proceeding or vacate a Rule 736 order if the respondent . . . timely[ ]fil[es] both the Rule 736.11(a) independent action and the Rule 736.11(c) motion to vacate," and that the trial court abused its discretion by refusing to do so despite the respondents' motion. *Priester*, 2016 WL 7010583, at *3. *In re Breitling*, 2017 WL 462363 (Tex. App.—Dallas Jan. 30, 2017, no pet.), on the other hand, acknowledges the mandatory nature of Rule 736.11(c) but finds that the issuing trial court did not abuse its discretion by denying a motion to vacate a Rule 736 order where the homeowner's motion was not filed within the proper time frame. *Breitling*, 2017 WL 462363, at *2-3. Finally, *Murphy v. HSBC Bank USA*, 95 F. Supp. 3d 1025 (S.D. Tex. 2015) similarly notes that the issuing court must "dismiss the application proceeding if no order has been signed, or if an order has been signed, vacate the Rule 736 order," upon the respondent's motion. *Murphy*, 95 F. Supp. 3d at 1028 n.5. Here, Plaintiffs admit they filed no motion to vacate the Rule 736 Order. Pls.' Mot. 11. But their failure to file such a motion does not affect the tolling of the statute of limitations—especially not to Defendants' detriment.

11

The Court calculates the tolling periods and days accrued as follows:

|  | Dates Pending | Days Tolled | Days Accrued[2] |
|---|---|---|---|
| First Bankruptcy | Aug. 30, 2013 – Feb. 18, 2014 | 172 | 319 |
| Second Bankruptcy | Mar. 31, 2014 – June 3, 2014 | 64 | 41 |
| First Action | Aug. 28, 2014 – Aug. 16, 2016 | 719 | 86 |
| Second Action | Aug. 29, 2016 – Feb. 8, 2017 | 163 | 13 |
| Instant Action | Dec. 21, 2018 – |  | 681 |
|  |  | Total: | 1,140 |

To date, the statute of limitations that began to run on October 15, 2012 has accrued 1,140 days, which is approximately three years. Therefore, Plaintiffs are not entitled to judgment on the pleadings on this ground.

Plaintiffs' second ground for judgment on the pleadings—that Defendants' counterclaim is moot—likewise fails. Plaintiffs argue that because the Rule 736 Order issued on July 30, 2013 is still in effect and grants Defendants the same relief they seek by their counterclaim, their counterclaim is moot. *Id.* 15. But Plaintiffs misunderstand the mootness doctrine. "A claim is moot when a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017). Mootness can arise when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome. *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1154 (5th Cir. 1993) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). In bringing their counterclaim,

---

[2] The first figure in this column represents the number of days that accrued from the date of acceleration, October 15, 2012, to the date of the filing of the First Bankruptcy. The remaining figures represent the days accrued between tolling periods.

Defendants allege that they are entitled to collect under the Note and Security Instrument which, due to Plaintiffs' failure to make their payments for over a decade, is in default. Second Am. Answer 17. Defendants further allege that despite the Rule 736 Order, they have been unable to foreclose on the Property to satisfy Plaintiffs' debt. It is inaccurate to state that "a case or controversy no longer exists" between Plaintiffs and Defendants. In any event, "[a] Rule 736 order is not a substitute for a judgment for judicial foreclosure, but any loan agreement, contract, or lien that may be foreclosed using Rule 736 procedures may be foreclosed by judgment in an action for judicial foreclosure." Tex. R. Civ. P. 735.3. Defendants have been prevented for much of the last seven years from exercising their right to foreclose under the Rule 736 Order due to Plaintiffs' litigation. Plaintiffs' argument that the counterclaim is moot fails, and Plaintiffs have not established their right to judgment on that ground. As both grounds for judgment fail, and Plaintiffs do not otherwise argue that Defendants have failed to state a claim for judicial foreclosure, Plaintiffs' Rule 12(c) Motion should be denied.

## II. Defendants' Motion for Summary Judgment

Defendants are entitled to summary judgment both on Plaintiffs' claim for declaratory judgment and on Defendants' counterclaim for foreclosure. First, Plaintiffs' declaratory judgment claim fails. "Removal from state to federal court, in effect, converts a state court declaratory judgment action into one under the [Declaratory Judgment Act]." *Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 864 n.12 (N.D. Tex. 2013). The Declaratory Judgment Act is a procedural

13

device that creates no substantive rights. *See Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984). A declaratory judgment is not itself a cause of action, and a claim for a declaratory judgment necessarily fails if there is no underlying cause of action. *Holt v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 1633254, at *2 (N.D. Tex. Apr. 20, 2016) (citing *Collin Cnty. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 171 (5th Cir. 1990)).

Plaintiffs' sole cause of action in this case is for a declaratory judgment that:

> [Defendants'] cause of action accrued on July 30, 2013 pursuant to the Foreclosure Order, and the statute of limitations started to run on that day; that more than four years and 37 days have passed and that the statute of limitations has expired; that the property lien and power of sale are void pursuant to Tex. Civ. P[rac]. & Rem. Code [§] 16.035(b)[,] (d); the Plaintiffs are the rightful owners who hold superior title to the Property; that the Defendants are forever enjoined from foreclosing on Plaintiffs' Property; Plaintiff requests that th[e] Court consider the terms of the Deed of Trust and find that Plaintiff has not materially breached the Deed of Trust contract on the Property; Plaintiff also requests that th[e] Court find that Defendants failed to comply with the Deed of Trust and applicable law.

Pet. 10-11 (ECF No. 1-1 at 26-27). Plaintiffs do not assert an independent cause of action against Defendants, and their declaratory judgment action cannot stand alone. Plaintiffs have made no effort to amend their pleadings to add an underlying cause of action that would support their declaratory judgment action, despite Defendants having raised failure to state a claim as an affirmative defense in their Second Amended Answer. Nor have Plaintiffs responded to the motion for summary judgment raising a genuine issue for trial. Accordingly, Plaintiffs' claim

14

for declaratory judgment fails, and Defendants are entitled to judgment as a matter of law on such a claim.

Defendants are also entitled to summary judgment on their counterclaim for judicial foreclosure because they have established the elements for such a claim, and Plaintiffs have not pointed to a fact question for trial. To be entitled to summary judgment on claims which the movant will bear the burden of proof at trial, the movant "must establish 'beyond peradventure all of the essential elements of the claim.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (quoting *Fontenot v. Upjohn Co.*, 78 F.2d 1190, 1194 (5th Cir. 1986)). This means that the movant must demonstrate that there are no genuine and material disputes and that it is entitled to summary judgment as a matter of law. *2223 Lombardy Warehouse, LLC v. Mount Vernon Fire Ins. Co.*, 2019 WL 1583558, at *6 (N.D. Tex. Apr. 12, 2019) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

To obtain a judicial foreclosure, a security interest holder must demonstrate that: "(1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) [the borrowers] are in default under the note and security instrument; and (4) [the borrowers] received notice of default and acceleration." *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (citing Tex. Prop. Code § 51.002), *aff'd*, 583 F. App'x 306 (5th Cir. 2014).

Defendants have established these elements conclusively by their summary judgment evidence. First, Defendants have established that a debt exists by

15

providing a copy of the Note and the Security Instrument evidencing an extension of credit to Plaintiffs in the amount of $396,000 in exchange for a lien on the Property in favor of Fremont Investment & Loan. Defs.' App. 12-15, 37-42. Defendants have further established that Deutsche Bank is entitled to collect the debt by providing: (1) a copy of the recorded transfer of the lien from MERS on behalf of Fremont Investment & Loan to Deutsche Bank, Defs.' App. 48; and (2) a copy of the recorded assignment of the rights under the Security Instrument from MERS to Deutsche Bank, *id.* 44-46.

Moreover, Defendants have established that the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution, as they have provided a copy of the Security Instrument, which on the first page reads: "THIS SECURITY INSTRUMENT SECURES AN EXTENSION OF CREDIT AS DEFINED BY SECTION 50(A)(6), ARTICLE XVI OF THE TEXAS CONSTITUTION." *Id.* 18. Defendants have also established that Plaintiffs are in default. Their summary judgment evidence reflects that Plaintiffs have failed to make payments under the Note since March 1, 2009, and that the total amount due as of November 27, 2019 is $788,625.41. *Id.* 5, 50. Finally, they have established that Plaintiffs received notice of default and acceleration, as they have provided evidence that the prior servicing agent sent James Koncak Notices of Default and Intent to Accelerate on April 11, 2011 informing him of his default of the amount required to cure. *Id.* 6, 53-56. They have further provided evidence that foreclosure counsel for

16

Defendants sent Plaintiffs a notice of acceleration on October 15, 2012, which accelerated the loan. *Id.* 59, 61-64.

Plaintiffs do not dispute the authenticity of any of Defendants' summary judgment evidence, nor do they contest that it establishes the elements for foreclosure. Indeed, Plaintiffs admit in their petition: (1) Deutsche Bank owns the Note and Security Instrument, and Ocwen is the loan servicer; (2) they defaulted on the loan in April 2009; (3) they were sent notices of default and intent to accelerate in April 2011; and (4) the Note was accelerated on October 15, 2012. Pet. 4-5 (ECF No. 1-1 at 11-12). Because Defendants have established the elements for judicial foreclosure by their summary judgment evidence, and Plaintiffs have pointed to no genuine issue for trial, Defendants' Motion should be granted as to their judicial foreclosure counterclaim.

## Recommendation

For the foregoing reasons, Plaintiffs' Rule 12(c) Motion (ECF No. 24) should be DENIED, and Defendants' Motion for Summary Judgment (ECF No. 25) should be GRANTED. Plaintiffs' claims should be DISMISSED with prejudice, and the Court should enter an order of foreclosure against Plaintiffs.

**SIGNED** August 17, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).